NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARL GORDON,

        Plaintiff - Appellant,

  v.

FERNANDO M. OLGUIN, U.S. District
Judge, in his individual capacity; MARGO
A. ROCCONI, Magistrate Judge, in her
individual capacity; MARY M.
SCHROEDER, U.S. Circuit Judge of the
U.S. Court of Appeals for the Ninth Circuit,
in her individual capacity; DIARMUID F.
O'SCANNLAIN, U.S. Circuit Judge of the
U.S. Court of Appeals for the Ninth Circuit,
in his individual capacity; DANIELLE J.
FORREST, U.S. Circuit Judge of the U.S.
Court of Appeals for the Ninth Circuit, in
her individual capacity; DOES; ESTEBAN
MARTIN ESTRADA, U.S. Attorney, in his
individual capacity; DAVID HARRIS,
AUSA Chief, Civil Division, in his
individual capacity; JOANNE SCHWARTZ
OSINOFF, Assistant U.S. Attorney, AUSA,
Chief, Complex And Defensive Litigation,
in her individual capacity; JASMIN YANG,
Attorney, AUSA, in her individual capacity;
KAREN PAIK, in her individual capacity;
JOSEPHINE L. STATON, U.S. District

No. 25-1190

D.C. No. 2:24-cv-05384-MWF

MEMORANDUM\*

---

     \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Judge, in her individual capacity; PHILIP S. GUTIERREZ, U.S. District Judge, in his individual capacity,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted June 22, 2026[**]

Before:     CANBY, BENNETT, and BADE, Circuit Judges.

Carl Gordon appeals pro se from the district court's order dismissing his action alleging constitutional claims arising from his prior federal action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) (dismissal based on absolute immunity); *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (sua sponte dismissal for failure to state a claim). We affirm.

The district court properly dismissed Gordon's claims against the judicial defendants as barred by judicial immunity. *See Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021) (describing factors relevant to the determination of whether an act is judicial in nature and subject to absolute judicial immunity); *see also Stump v.*

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Sparkman*, 435 U.S. 349, 359 (1978) (defining the exceptions to judicial immunity).

The district court properly dismissed the U.S. Attorney's Office defendants because Gordon failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also Egbert v. Boule*, 596 U.S. 482, 490-93 (2022) (setting forth requirements for a *Bivens* claim); *Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020) (recognizing that criminal statutes "rarely impl[y] a private right of action").

The district court did not abuse its discretion when it severed Gordon's claims against Judge Gutierrez, continued to preside over the action with the remaining defendants, and denied Gordon's motion to disqualify Judge Fitzgerald. *See United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (setting forth standard of review and defining the standard for recusal); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him . . . ." (citation omitted)).

The district court did not abuse its discretion in denying Gordon's post-judgment motions because Gordon failed to set forth any basis for relief. *See Sch.*

*Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and bases for reconsideration).

All pending motions and requests are denied.

**AFFIRMED.**